321-0496, the people of the state of Illinois, appellee by Laura Byron, versus Kareem K. Moore, appellant by Joel Flexman. Thank you. Mr. Flexman, if you want to try again. I get better each time. May it please the court, counsel. This is the fourth case I'm arguing today. I'll have common issues about the Certificate of Innocence statute. In this case, Trayvion Moore was convicted of an unconstitutional, aggravated, unlawful use of a weapon offense. He was charged in a two-count indictment. The other charge was attempt armed robbery. At the time that Mr. Moore pleaded guilty, the state dismissed the armed robbery, the attempt armed robbery, by Nollie Prosecchi. The appeal on whether Mr. Moore can get a Certificate of Innocence raises two questions, questions I've been talking about all day. Not every justice has heard everything I've said. But those two questions are, under the third element of the Certificate of Innocence statute, has Mr. Moore shown that he's innocent of the offenses charged in the indictment or information? And under the fourth element, did he voluntarily cause or bring about his conviction? The question under the third element, which requires that he prove that he was innocent of the offenses charged in the indictment or information, hinges, as I said, on which charges he must show innocence of. Justice Brannon asked me earlier today about the second part of subsection G3. I did want to address that just very briefly again, because there is one case that addresses that very briefly, that part of the statute. It's people- Counsel, I'm going to ask you to address it because I wasn't part of that panel, thank you. Yeah, let me try to get a better background. Subsection G3 has two parts. The first section is the one that we're relying on, that a petitioner must demonstrate they're innocent of the offenses charged in the indictment or information. The second part of subsection G3 comes after the word or, or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the state. We're not arguing under that portion of the statute. What that portion of the statute refers to is, rather than the charges in the indictment or information, it's about the conduct. It talks about his or her acts or omissions. In a recent case in the First District, People v. Reed, the site is 2024-IL-AP-1-230-669-U, what the First District said was that the second approach essentially requires proof that the petitioner's behavior in the incident at issue did not constitute any type of crime in Illinois. So that would be a different path for showing incidents in, excuse me, that would be a different path for showing innocents that a petitioner could say, what I'm accused of doing is not a crime at all. It's not a felony or it's not a misdemeanor. And it's not a misdemeanor. But we're not dealing with that path. We're dealing with the first path in G3, which refers specifically to the offenses charged in the indictment or information. Why are you not doing the second part? The second part, because the conduct that was charged in this indictment or information included the allegations about this other offense, about the, and in this case it was a, sorry. An attempt on robbery. An attempt on robbery, right. And so we don't, we're not marshaling evidence to show that what Mr. Moore was, the conduct he was accused of doing didn't constitute any offense. I think that really, if you were using that second pathway, you'd almost be admitting to the facts alleged and making a legal argument that those facts don't constitute an offense at all. I think what you could imagine would be a First Amendment case where someone was charged with some kind of speech offense and was convicted and then on appeal, the court said, well, that conduct is protected under the First Amendment. It can't constitute a conviction. And so I think in that case, the conduct is not a felony or misdemeanor under the law. But we're talking about the separate part of subsection G3, which is specific to the offenses charged in the indictment or information. And it's our position, and it's our position that this is what the court held in McClinton, that that subsection is limited by subsection B of the Certificate of Innocence statute. Subsection B tells us that when a petitioner asks for a Certificate of Innocence, he's only permitted to ask for a finding that the petitioner was innocent of all offenses for which he or she was incarcerated. So he can only make that request for the offenses of incarceration. The same limitation applies in subsection H to the certificate that the court can enter. In both subsections, use the mandatory shall and limit the petition and limit the certificate that the court can enter. It's our view that the court needs to read those subsections together with subsection G3 and those subsections limit subsection G3. In addition to that statutory reading of the language, we also rely on the legal effect of Anali Proseki, that when the state dismissed that attempt armed robbery charge, it formally abandoned it. And the state is not permitted to bring it back up in this later proceeding. The Supreme Court in a recent case called Dupo versus Palmer considered an issue where the state opposed the certificate of innocence based on a theory of guilt that hadn't been raised in the original trial. And the Supreme Court rejected that approach and said that the focus of subsection G3 are the original allegations as charged and prosecuted in petitioner's criminal trial. In this case, because the state dismissed that second charge by Anali Proseki, it wasn't one of the allegations charged and prosecuted in the original trial. Am I correct? And this is not a rhetorical question. Other than McClinton and perhaps Justice Darity's musings in that one case, every case so far has disagreed with the idea that we're only focusing on the offense for which the defendant was incarcerated. Is that, they may be wrong, but is that a correct statement of the current case law? The only caveat, yes, with one caveat is that in the Smith case in the first district, they addressed not exactly the same question and along the way expressed an opinion about Anali Proseki charges and said it wouldn't make sense to require a showing about Anali Proseki charges. But that wasn't the issue in Smith. Sorry. They talked about it. Yes. And you mentioned Justice Darity's concurrence. In the Smith case, there also was a dissenting judge. I believe Justice Odin Johnson did take a different view. And there is also a dissent, there are concurrence, and I think it's in the Warner case where Justice Martin raised what I think is an interesting idea about the unfairness of this in some other types of cases. Well, difficulty approving it, right, and Justice Martin's view was that in some instances, it would be unfair to apply this all charges rule. It's our position that that's not a test, that the court can't just say, well, when is it unfair, when is it not unfair? Because of that unfairness, we think that the court should read the rule in our way to say that all charges is not the standard. The only other argument I wanted to mention about this all charges is just how we rely on the purpose of the Certificate of Innocence Act to provide compensation for wrongful incarceration in tort law. That if the purpose of the act is to compensate for the time someone is wrongfully incarcerated, it would not make sense to require some showing about another offense for which the person was never wrongfully incarcerated. But you can pursue recovery in a court of claims holding a Certificate of Innocence, and that doesn't preclude you from seeking monies under a Section 1983 lawsuit or some other kind of suit in federal court or state court, right? I mean, there's no preclusive effect, so there might be an argument, I suppose, where I'm going, to restrict recovery in this limited context with the understanding that there's still a right to recovery in other avenues. Right, yeah, I think that I'm not, and I don't, so I don't mean to say that there must be, this avenue of recovery must be available because there's no other way that somebody could be compensated for a wrongful incarceration. The point that I'm, the only point that I'm making is that we know that the legislature set up a system through the Certificate of Innocence statute to compensate people for wrongful incarceration. Because we assume that the legislature legislates based on case law, based on common law, tort law, we should assume that they were intending to make this system about the wrongful incarceration. And I think that, I don't think the court needs to get to this, I think the language is plain, that that's what the statute was about. I don't know if you're referring to, there is this discussion in a case called People vs. Moore, where the Court of Appeals says, this person can't be compensated under the Certificate of Innocence statute, but maybe there's some way that he can get compensated through the Court of Claims, we're gonna send it back to the circuit court for that. I've done a lot of litigation in the Court of Claims, I'm not aware of that ever working. If I filed that case in the Court of Claims, I would never file that case in the Court of Claims, I wouldn't expect to ever succeed in this. The other provision at issue, and I'll try to address it briefly, because I think I'm running out of time, is subsection G4, that requires a petitioner to show that he did not, by his own conduct, voluntarily cause or bring about his conviction. This court addressed that in the Clinton, and the holding was that a petitioner cannot voluntarily cause or bring about a conviction under an unconstitutional statute. The Supreme Court's case, the Supreme Court's opinion in People v. Chennault really addresses this and calls a guilty plea to an unconstitutional offense defective. And in our view, it's defective, it's just like a void contract. And we say under contract law, that you can't voluntarily enter into a void contract. Similarly, we undo contracts that are based on misapprehensions of law or fact. That's something that there are a lot of cases that are applying that to plea bargains. And in this case, the pleading guilty to something that's later held to be unconstitutional is a misapprehension of law or fact. So for all those reasons, we ask the court to find that under subsection G4, a defendant cannot voluntarily cause an unconstitutional conviction. Unless there are other questions, I will end there asking the court to vacate the judgment in this case and remand for entry of the certificate of innocence. Questions? Thank you. Ms. Lyonne. May it please the court, counsel, Laura Lyonne on behalf of the people. The people ask the court to affirm the denial of the petition for certificate of innocence. There are four elements. The petitioner was pleaded in proof to obtain a certificate of innocence. The burden on the petitioner is approved all four. I fear petitioner did not even burden on two elements that are even the most brief, G3 and G4. The people have focused on G3 because it's the most straightforward shortest path to affirming in this case. Under G3, the petitioner was required to prove that he's innocent if the offense is charged in the indictment. As discussed in Warner, in Brown, and in Hilton, that language includes charges that are not brought under a plea agreement. Here, the valid offense of attempted armed robbery was charged in the indictment and not brought under the presumed plea agreement. So, petitioner has not met his burden as to G3. McClinton is distinguishable because it did not actually analyze a G3 issue. It analyzed a G4 issue. This language, the argument over this language was not actually raised in that case. So, that issue wasn't analyzed in McClinton. If there are no questions, the people would ask that this court affirm the denial of the petition for certificate of innocence. No questions. No, thank you. Thank you, Ms. Bialin. Thank you. Any other questions, Mr. Laxman? I don't think I was working on this at all. All right. I do not. Thank you. So, we thank both of you for your arguments this afternoon. We'll take the matter under advisement. We'll issue a written decision as quickly as possible. The court will stand in recess until tomorrow morning.